# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 16-0882V
**Filed: March 30, 2017**
Unpublished

```
* * * * * * * * * * * * * * * * * * * * * * * * * * *
KAREN GARRETT,                         *
                                       *
              Petitioner,              *
v.                                     *
                                       *   Attorneys' Fees and Costs;
SECRETARY OF HEALTH                    *   Special Processing Unit ("SPU")
AND HUMAN SERVICES,                    *
                                       *
              Respondent.              *
                                       *
* * * * * * * * * * * * * * * * * * * * * * * * * * *
```

*Michael G. McLaren, Black McLaren, et al., PC, Memphis, TN, for petitioner.*
*Adriana R. Teitel, U.S. Department of Justice, Washington, DC, for respondent.*

## DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Dorsey,** Chief Special Master:

On July 25, 2016, petitioner filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury as a result of an influenza ("flu") vaccination received on September 25, 2015. On December 13, 2016, the undersigned issued a decision awarding compensation to petitioner based on respondent's proffer. (ECF No. 17).

On February 13, 2017, petitioner filed a motion for attorneys' fees and costs. (ECF No. 21). Petitioner requests attorneys' fees in the amount of $16,865.00 and attorneys' costs in the amount of $2,719.80 for a total amount of $19,584.80. *Id.* at 1,

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, the undersigned intends to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, the undersigned agrees that the identified material fits within this definition, the undersigned will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

10. In compliance with General Order #9, petitioner filed a signed statement indicating she incurred no out-of-pocket expenses. (ECF No. 21-3).

On March 2, 2017, respondent filed a response to petitioner's motion. (ECF No. 23). In his response, respondent argues that "[n]either the Vaccine Act nor Vaccine Rule 13 contemplates any role for respondent in the resolution of a request by a petitioner for an award of attorneys' fees and costs." *Id.* at 1. Respondent adds, however, that he "is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." *Id.* at 2. "Respondent respectfully recommends that the Chief Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs." *Id.* at 3.

On November 4, 2016, the undersigned issued a reasoned decision in *Henry v. HHS*, No. 15-545V, 2016 WL 7189925 (Fed. Cl. Spec. Mstr. Nov. 4, 2016), addressing hourly rates for the McLaren firm. The undersigned concluded that petitioner's counsel should be compensated at rates which are consistent with the rates requested in the instant application, with the exception of the hourly rates billed for attorney travel time, for work performed by paralegals in 2016 and 2017, and for work performed by Mr. Webb in 2017.[3] The undersigned adopts the reasoning in the *Henry* decision for the instant analysis.

The undersigned has reviewed the billing records submitted with petitioner's request. In the undersigned's experience, the request appears reasonable, and the undersigned finds no cause to reduce the requested hours. However, consistent with *Henry, supra*, the undersigned reduces the award to reflect rate reductions for travel time, for 2016-2017 paralegal rates, and 2017 attorney rates. The undersigned also reduces the claimed cost of a meal had while on travel.

On August 4-5, 2016, Mr. Webb billed a total of 10.5 hours for travel time at a rate of $305 per hour, amounting to billing of $3,202.50. (ECF No. 21-2, p. 6) Notwithstanding the fact that Mr. Webb was noted to be working on case review en route, the undersigned reduces the hourly rate for these hours by 50%. *See, e.g., Hocraffer v. HHS,* No. 99-533V, 2011 WL 3705153, at *24 (noting that "Special masters consistently award compensation for travel time at 50% of the billing rate in the Vaccine Program."). This results in a reduction of $1,601.25.

Mr. Webb also claimed $64.98 for a single dinner he had while on travel. (ECF No. 21-2, p. 22) The undersigned finds the requested amount to be unreasonable and

---

[3] In petitioner's application, the McLaren firm claims increased rates for 2017 exceeding those awarded in *Henry* (ECF No. 21, p. 9); however, Mr. Webb was the only attorney who actually charged a higher rate herein (ECF No. 21, p. 10; 21-2, p. 11). The undersigned does not believe increased rates are warranted for the McLaren firm at this juncture, as the *Henry* decision awarding them increased rates issued only five months ago. The undersigned will consider an increase for this firm after additional time has passed.

reduces it to $51.00, an amount reflective of 2016 federal per diem rates for meals and incidental expenses for Alabama.[4]  This results in a reduction of $13.98.

Mr. Webb billed 4.0 hours in 2017 at an increased rate of $315 per hour. (ECF No. 21-2, p. 11)  As noted in footnote 3, the undersigned does not believe increased rates are warranted at this juncture.  Accordingly, Mr. Webb is awarded a rate of $305 per hour, consistent with his most recent increase.  This results in a reduction of $40.00.

Additionally, there was 13.9 hours of paralegal time billed at a rate of $150 per hour, and 1.0 hour billed at a rate of $155 per hour, amounting to billing of $2,240.00. (ECF No. 21-2, p. 11)  Reducing the hourly rate to $145 for all these hours reduces the total amount to $2,160.50, a reduction of $79.50.

Based on all of the above, the undersigned finds that petitioner's counsel is entitled to reasonable attorneys' fees and costs as follows:

| | |
|---|---:|
| Requested attorneys' fees (based on 62.3 total hours): | $16,865.00 |
| Less 50% rate reduction for 10.5 travel hours: | -$1,601.25 |
| Less 2017 attorney rate reduction: | -$40.00 |
| Less 2016-2017 paralegal rate reduction: | -$79.50 |
| Adjusted total: | $15,144.25 |
| | |
| Requested costs: | +$2,719.80 |
| Less meal reduction: | -$13.98 |
| Adjusted total: | $2,705.82 |
| **Total Attorneys' Fees and Costs Awarded:** | **$17,850.07** |

**Accordingly, the undersigned awards a total of $17,850.07,[5] representing reimbursement for attorneys' fees and costs, in the form of a check jointly payable to petitioner and petitioner's counsel, Black McLaren Jones Ryland & Griffee, P.C.**

---

[4] *See* GSA FY 2016 Per Diem Rates for Alabama, at http://www.gsa.gov/portal/category/100120.

[5] This amount is intended to cover all legal expenses incurred in this matter.  This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered.  Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein.  *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir.1991).

The clerk of the court shall enter judgment in accordance herewith.[6]


**IT IS SO ORDERED.**

**s/Nora Beth Dorsey**
Nora Beth Dorsey
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.